## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11626 (BLS)<br><br>(Jointly Administered) |
| ESSAR STEEL MINNESOTA LLC,<br><br>Plaintiff<br><br>v.<br><br>ESSAR GLOBAL FUND LIMITED; ESSAR PROJECTS LIMITED; ESSAR PROJECTS USA, LLC; ESSAR PROJECTS (INDIA) LIMITED; ESSAR PROJECT MANAGEMENT COMPANY LIMITED; ESSAR CONSTRUCTIONS LIMITED; ESSAR PROJECTS MIDDLE EAST FZE; ESSAR ENGINEERING SERVICES LIMITED; GLOBAL SUPPLIES FZE; ESSAR LOGISTICS LIMITED; MADHU VUPPULURI; SANJAY BHARTIA; DOES 1-1000<br><br>Defendants. | Adv. Proc. No. 17-50001 (BLS)<br><br>DN 58 |

**AGREED ORDER GRANTING JOINT MOTION OF THE SC LITIGATION TRUSTEE AND THE UC LITIGATION TRUSTEE TO (I) SUBSTITUTE PLAINTIFF; (II) SEGREGATE LITIGATION TRUST ASSETS PURSUANT TO THE PLAN; (III) AMEND CAPTION AND COMPLAINT AND (IV) GRANT <u>RELATED RELIEF</u>**

---

[1] Essar Steel Minnesota LLC is doing business as Mesabi Metallics Company LLC. The last four digits of its federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

Upon the motion (the "**Motion**")[2] of the Litigation Trustees for entry of an order (i) authorizing the substitution of the Litigation Trustees as plaintiffs, (ii) authorizing the segregation of SC Litigation Trust Assets and the UC Litigation Trust Assets asserted in the Complaint, and (iii) modifying the Complaint and caption of the Adversary Proceeding; and upon the Limited Objection of the Essar Affiliates[3] and the Opposition filed by Madhu Vuppuluri; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and reasonable, adequate, and sufficient notice of the Motion having been given and no other or further notice being necessary; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Bradley E. Scher, as the Litigation Trustee on behalf of the SC Litigation Trust, is hereby substituted as the successor-in-interest plaintiff in the adversary proceeding captioned *Essar Steel Minnesota LLC v. Essar Global Fund Limited, et al.*, Adv. Proc. No. 17-50001 (BLS) (the "**Adversary Proceeding**") to prosecute the Essar Affiliate Claims against the Essar Affiliates and Does 1-500.

3. The SC Litigation Trustee shall file the amended complaint with the modified caption, in the form attached as Exhibit B to the Motion, (the "**SC Litigation Trust Complaint**") in the Adversary Proceeding.

4. Kevin Nystrom, as Litigation Trustee on behalf of the UC Litigation Trust, is hereby substituted in as the successor-in-interest plaintiff in the adversary proceeding, to be

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Plan.

[3] The Essar Affiliates are Essar Global Fund Limited Essar Projects Limited, Essar Projects USA, LLC, Essar Project Management Company Limited, Essar Constructions Limited, Essar Projects Middle East FZE, Essar Engineering Services Limited, and Essar Logistics Limited.

2

captioned *Kevin Nystrom, solely in his capacity as Litigation Trustee for the UC Litigation Trust v. Madhu Vuppuluri, Sanjay Bhartia, Prashant Ruia, Anshuman Ruia, and Does 1-500*, (the "**UC Litigation Trust Adversary Proceeding**"), to prosecute the Individual Claims against the Individual Defendants and Does 1-500.

5. The UC Litigation Trustee shall file the amended complaint with the modified caption, in the form attached as Exhibit C to the Motion.

6. The Adversary Proceeding and the UC Litigation Trust Adversary Proceeding (collectively the "Adversary Proceedings") shall, pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure, be consolidated for purposes of pretrial discovery. In particular: (i) all parties in both Adversary Proceedings shall participate in a single Rule 26(f) conference and submit to the Court a single discovery plan, which will set forth coordinated deadlines for initial disclosures and discovery in both proceedings; (ii) absent further agreement of the parties or order from the Court, the Plaintiffs shall coordinate depositions such that witnesses shall only be required to appear for a single deposition in the Adversary Proceedings; (iii) all parties shall be noticed in both Adversary Proceedings with all written discovery and of any depositions; (iv) all discovery shall be useable in both Adversary Proceedings. For the avoidance of doubt, all parties' rights to move to extend the length or number of depositions and interrogatories, or for any other discovery-related relief as allowed under the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, are preserved. All Defendants in both Adversary Proceedings reserve the right to move to intervene in either of the two proceedings or to consolidate the two proceedings for purposes of trial or otherwise.

7. To the extent previously served in the Adversary Proceeding, each defendant will have thirty (30) days from the date the relevant amended complaint, as filed in the Adversary Proceeding and the UC Litigation Trust Adversary Proceeding, respectively, is served upon

counsel for such defendant via electronic service to respond to the relevant amended complaint, without prejudice to any defendant seeking additional time to respond for good cause shown.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
Aug. 10, 2018

HONORABLE BRENDAN L. SHANNON
United States Bankruptcy Judge