# **<u>EXHIBIT A</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ESSAR STEEL MINNESOTA LLC and<br>ESML HOLDINGS INC.,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 16-11626 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. No. 1676** |
| BRADLEY E. SCHER, solely in his capacity as Litigation Trustee for SC Mesabi Litigation Trust,<br><br>           Plaintiff,<br><br>   v.<br><br>ESSAR GLOBAL FUND LIMITED; ESSAR PROJECTS LIMITED;<br>ESSAR PROJECTS USA, LLC;<br>ESSAR PROJECTS (INDIA) LIMITED;<br>ESSAR PROJECT MANAGEMENT COMPANY LIMITED; ESSAR CONSTRUCTIONS LIMITED;<br>ESSAR PROJECTS MIDDLE EAST FZE;<br>ESSAR ENGINEERING SERVICES LIMITED; GLOBAL SUPPLIES FZE;<br>ESSAR LOGISTICS LIMITED; DOES 1-500,<br><br>           Defendants. | Adv. Proc. No. 17-50001 (BLS)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Ref. No. 148** |

**DECLARATION OF JAMES D. BAILEY IN SUPPORT OF THE PRELIMINARY OBJECTION OF THE SC LENDERS TO THE SC MESABI LITIGATION TRUST'S MOTION FOR ENTRY OF AN ORDER APPROVING (I) THE SETTLEMENT BETWEEN THE SC MESABI LITIGATION TRUST AND THE SETTLING ESSAR PARTIES AND (II) THE SETTLEMENT BETWEEN THE SC <u>MESABI LITIGATION TRUST AND THE UC LITIGATION TRUST</u>**

I, James D. Bailey, hereby declare as follows:

---

[1] The last four digits of Essar Steel Minnesota LLC's federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

{1115.001-W0061487.}

1. I submit this declaration (the "Declaration") in support of the Central Bank of India's and the Export-Import Bank of India's (together, the "SC Lenders") preliminary objection (the "Objection")[2] to the *SC Mesabi Litigation Trust's Motion for Entry of an Order Approving (I) the Settlement Between the SC Mesabi Litigation Trust and the Settling Essar Parties and (II) the Settlement Between the SC Mesabi Litigation Trust and the UC Litigation Trust* [D.I. 1676; Adv. D.I. 148] (the "9019 Motion").

2. I am counsel to the SC Lenders in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), all related adversary proceedings (collectively, the "Adversary Proceedings") and in *Central Bank of India et al. v. U.S. Bank N.A.*, No. 1:18-cv-00534 (KBF) (SDNY) (the "NY Lawsuit" and together with the Chapter 11 Cases and the Adversary Proceedings, the "ESML Related Cases"). I also serve as the SC Lenders' appointed representative on the SC Advisory Board. In my capacity as counsel to the SC Lenders in the ESML Related Cases and the SC Lenders' representative on the SC Advisory Board, I am familiar with, among other things, the ESML Related Cases, the Settlement Agreements and the 9019 Motion. Except as otherwise indicated below, I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, could and would testify competently thereto.

A. **The SC Litigation Trust Beneficiaries, the Acquisition of SC Trust Interests By an Essar Affiliate and Negotiations Among the SC Lenders and Essar**

3. On the Effective Date of the Plan, the beneficiaries of the SC Litigation Trust consisted of the Term Loan Lenders, the Project Finance Lenders and the SC Lenders. *See* Plan, §§ 1.1(20), (21), (140).

---

[2] Terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

4.      As explained in the 9019 Motion, on December 27, 2018, the Term Loan Lenders and the Project Finance Lenders transferred their claims and interests in the SC Trust to Essar Energy Solutions Limited ("EESL").  9019 Motion, ¶ 9.  I am informed and believe that EESL is an affiliate of Essar Global Fund Limited ("Essar Global") and its affiliates.  EESL also is a Settling Essar Party under the Essar Settlement Agreement.  Essar Settlement Agreement, p. 1; 9019 Motion, p. 2.

5.      According to the SC Trustee, the Term Loan Lenders and the Project Finance Lenders also entered into a settlement with Essar Global and its subsidiaries at or around the time they transferred their claims to EESL.  Scher Declaration, ¶ 52.  The SC Trustee did not object to these claim transfers or settlements.  *See* Docket in Case No. 16-11626 (BLS).

6.      I advised the SC Trustee on numerous occasions that the SC Lenders were engaging in direct negotiations with Essar Global and its affiliates in an attempt to reach a consensual resolution of the debt owed to the SC Lenders by Essar Global and its affiliates, with the view that such settlement could serve as a predicate to a global resolution between the SC Lenders, the SC Trustee and the Essar Defendants.

**B.**     **The Settlement Agreements and the 9019 Motion**

7.      Despite the SC Lenders' continued negotiations with Essar Global and its affiliates, the SC Trustee continued his negotiations with EESL and the Essar Defendants, executed a definitive settlement term sheet, negotiated the Essar Settlement Agreement, and presented it for approval to the SC Advisory Board.  *See* 9019 Motion, ¶¶ 25-31; Scher Declaration, ¶ 21.

8.      As acknowledged in the 9019 Motion, the two (2) members of the SC Advisory Board – Andrew Wright, EESL's representative filling both of its seats, and myself, the SC Lenders' representative– did **not** approve the Settlement Agreements.  9019 Motion, ¶¶ 34-35.

Mr. Wright abstained from voting on the Settlement Agreements based on EESL's conflict of interest as a party to the Essar Settlement Agreement and the inextricable link between the two Settlement Agreements. *Id.* at ¶ 34. After stating that the SC Lenders did not have a conflict of interest, I voted against the Essar Settlement Agreement based on its merits and the UC Settlement Agreement based on its inextricable link to the Essar Settlement Agreement.

9.    At no time during the Advisory Board meeting in connection with the vote on the Essar Settlement Agreement did the SC Trustee, the SC Trustee's professionals, or Mr. Wright state that the SC Lenders had (or have) a conflict of interest with regard to voting on either of the Settlement Agreements. Indeed, it was not until after I voted to reject the Settlement Agreements on behalf of the SC Lenders that I learned that the SC Trustee determined, after the vote rejecting the Settlement Agreements had occurred, that in his opinion, all members of the SC Advisory Board were conflicted.

C.    **The SC Trustee's Repeated Preference of Other SC Trust Beneficiaries Over the SC Lenders**

10.    Throughout the ESML Related Cases, the SC Lenders have been the victim of repeated (and arguably concerted) efforts to prevent them from receiving any of the benefits or distributions they are entitled to under the Plan on account of their legitimate claims. Moreover, since the SC Trustee's appointment, he has demonstrated a pattern of favoring other SC Trust beneficiaries over the SC Lenders.

11.    For example, on December 22, 2017, an hour before the Debtors filed their notice of the Effective Date, which would (among other things) permit distributions to be made to the secured lenders under the Plan, U.S. Bank, as agent for the Term Loan Lenders, filed an objection to the SC Lenders' claims (the "Claim Objection") [D.I. 1397] thereby preventing the SC Lenders from receiving any of the distributions they otherwise would have been entitled to at that time.

12. As a result, the SC Lenders sued the Term Loan Lenders for breaching the Intercreditor Agreement among ESML's secured lenders (the "ICA") in the United States District Court for the Southern District of New York. *See Central Bank of India et al. v. U.S. Bank N.A.*, No. 1:18-cv-00534 (KBF) (SDNY) (the "NY Lawsuit").[3] The NY Lawsuit was a two-party dispute that did not involve or implicate the SC Trust or the SC Trustee.

13. On April 30, 2018, the SC Lenders moved for partial summary judgment against the Term Loan Lenders in the NY Lawsuit, seeking a declaratory judgment that the Term Loan Lenders were in breach of the ICA. *See* NY Lawsuit, [D.I.19-22].

14. In their opposition to the SC Lenders' motion for summary judgment, the Term Loan Lenders argued that any "putative" breach of the ICA is moot because the SC Trustee was "in the process of filing a substantially similar objection before the Bankruptcy Court consistent with [his] charge as SC Litigation Trustee." *See Opposition of U.S. Bank National Association, in its Capacity as Term Loan Agent, to Plaintiff's Motion for Partial Summary Judgment*, NY Lawsuit, [D.I. 23]. At that time, however, the SC Trustee had not yet filed the SC Lenders Complaint.

15. Unbeknownst to the SC Lenders, and despite the fact that the SC Lenders also are beneficiaries of the SC Trust, the SC Trustee provided the Term Loan Lenders with a declaration for submission in the NY Lawsuit in support of their opposition to the SC Lenders' summary judgment motion. *See Declaration of Bradley E. Scher, Trustee of the SC Mesabi Litigation Trust, In Connection with the Opposition of U.S. Bank National Association, in its Capacity as Term Loan Agent to the Plaintiffs' Motion for Summary Judgment*, dated May 30, 2018, NY Lawsuit, [D.I. 26].

---

[3] Citations to the record of *Central Bank of India et al. v. U.S. Bank N.A.*, No. 1:18-cv-00534 (KBF) (SDNY) are referred to herein as "NY Lawsuit, D.I. [ ]."

16. Several weeks later (though a full six (6) months after the Term Loan Lenders objected to the SC Lenders Claims), on June 20, 2018, the SC Trustee filed the SC Lenders Complaint challenging the SC Lenders Claims based on the same arguments raised by the Term Loan Lenders in the Claim Objection. *See* SC Lenders Adv., D.I. 1; SC Lenders Compl., ¶ 43. Indeed, the SC Lender Complaint adopts, nearly verbatim, much of the Claim Objection and save for the form (complaint versus claim objection) is for all intents and purposes virtually identical.

\* \* \*

Pursuant to section 1746 of title 28 of the United States Code, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 6, 2020
New York, New York

James D. Bailey, Esq.
**BAILEY DUQUETTE P.C.**
104 Charlton St., Suite 1-W
New York, NY 10014
Telephone: (212) 658-1946
Facsimile: (866) 233-5869
Email: james@baileyduquette.com