# **<u>Exhibit A</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 16-11626 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. No. 1676, 1681, 1685, and 1688** |
| BRADLEY E. SCHER, solely in his capacity as Litigation Trustee for SC Mesabi Litigation Trust,<br><br>          Plaintiff,<br><br>v.<br><br>ESSAR GLOBAL FUND LIMITED; ESSAR PROJECTS LIMITED;<br>ESSAR PROJECTS USA, LLC;<br>ESSAR PROJECTS (INDIA) LIMITED;<br>ESSAR PROJECT MANAGEMENT COMPANY LIMITED; ESSAR CONSTRUCTIONS LIMITED;<br>ESSAR PROJECTS MIDDLE EAST FZE;<br>ESSAR ENGINEERING SERVICES LIMITED; GLOBAL SUPPLIES FZE;<br>ESSAR LOGISTICS LIMITED; DOES 1-500,<br><br>          Defendants. | Adv. Proc. No. 17-50001 (BLS)<br><br><br><br><br><br><br><br><br><br>**Ref. Nos. 148, 154, 156, and 159** |

## ORDER ESTABLISHING DISCOVERY AND BRIEFING SCHEDULE

Upon the requests of the Central Bank of India and the Export-Import Bank of India (together, the "SC Lenders") for the establishment of a discovery and briefing schedule (the "Requests") on the *SC Mesabi Litigation Trust's Motion for Entry of an Order Approving (I) the Settlement Between the SC Mesabi Litigation Trust and the Settling Essar Parties and (II) the*

---

[1] The last four digits of Essar Steel Minnesota LLC's federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

{1115.001-W0061876.}

*Settlement Between the SC Mesabi Litigation Trust and the UC Litigation Trust* [D.I. 1676; Adv. D.I. 148] (the "9019 Motion") set forth in *The Preliminary Objection of the SC Lenders to the SC Mesabi Litigation Trust's Motion for Entry of an Order Approving (I) the Settlement Between the SC Mesabi Litigation Trust and the Settling Essar Parties and (II) the Settlement Between the SC Mesabi Litigation Trust and the UC Litigation Trust* [D.I. 1681; D.I. Adv. 154] (the "Preliminary Objection")[2] and *The SC Lenders' Statement In Response to (a) the SC Mesabi Litigation Trust's Request for Oral Argument on SC Mesabi Litigation Trust's Motion for Entry of an Order Approving (I) the Settlement Between the SC Mesabi Litigation Trust and the Settling Essar Parties and (II) the Settlement Between the SC Mesabi Litigation Trust and the UC Litigation Trust and (b) Notice of Completion of Briefing with Respect to SC Mesabi Litigation Trust's Motion for Entry of an Order Approving (I) the Settlement Between the SC Mesabi Litigation Trust and the Settling Essar Parties and (II) the Settlement Between the SC Mesabi Litigation Trust and the UC Litigation Trust* [D.I. ___; D.I. Adv. ___] (the "Statement"); and the Bankruptcy Court having jurisdiction to consider approval of the Requests; and it appearing that sufficient notice of the Requests has been given; and after due deliberation; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Notwithstanding anything to the contrary in the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the following schedule shall govern briefing, discovery and related matters with respect to the 9019 Motion and the Objection absent further written agreement of the SC Lenders and the SC Trustee (together, the "Parties" and each a "Party") or order of the Bankruptcy Court:

---

[2] Terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

a. **Initial Disclosures**.  Each Party shall serve its initial disclosures pursuant to Bankruptcy Rule 7026(a)(1) no later than _____**, 2020**.

b. **Electronic Discovery Conference**.  **On or before** _____**, 2020**, the Parties shall meet and confer in good faith in an attempt to reach an agreement on how to conduct electronic discovery; and, if no agreement is reached, on or before 4:00 p.m. (EST) on _____**, 2020**, the Parties shall exchange the information required under Local Rule 7026-3(b) by no later than 4:00 p.m. (EST) on _____**, 2020**.

c. **Fact Discovery**.

   i. The Parties may serve document discovery requests ("Document Requests") on any other party, including any party to the Settlement Agreements (together with the Parties, the "Litigation Parties"), on or after _____**, 2020**.  Responses to such Document Requests shall be due within _____ days from the date of service of any such request.

   ii. The Parties must serve any other written discovery on any other Litigation Parties no later than _____**, 2020**.  Responses to such discovery shall be due within _____ days from the date of service of any such request.

   iii. _____**, 2020** shall be the date on which the Litigation Parties shall have completed the responses and production of all documents responding to the Document Requests and all other written discovery (it being understood that the Litigation Parties will produce responsive materials on a rolling basis in advance of such date).

   iv. _____**, 2020** shall be the date on which depositions of fact witnesses, including depositions of any third-party witnesses, may begin.  Deposition notices must be served no later than fourteen (14) days prior to the deposition date, and any objections thereto must be served no later than seven (7) days before the deposition date; provided however, that the objection deadline will be no earlier than three days after the date the deposition notices are served.  The Litigation Parties shall confer upon dates convenient for the witness and counsel with respect to the scheduling of individual depositions.  Such depositions may be by video conference or other remote means as may be agreed to by the Litigation Parties for purposes of Bankruptcy Rule 7030.

   v. _____**, 2020** shall be the date on which the Litigation Parties shall provide categorical privilege logs of documents responsive to the Document Requests that were withheld on the basis of any claim of privilege (the "Privilege Logs").  The Privilege Logs shall provide (1) the date range of the documents, (2) author(s)/sender(s) and recipients, (3) the general subject matter, (4) the basis for withholding the documents (*e.g.* attorney-client privilege, work-product doctrine), and (5) the number of documents withheld in that category.

      vi.  **_____, 2020** shall be the last date by which the Parties may file any motions to compel discovery responses and document production from any Litigation Party.

      vii.  **_____, 2020** shall be the last date by which the Parties may serve deposition notices on any Litigation Party.

      viii.  **_____, 2020** shall be the last date by which Parties may serve discovery requests on third parties (the "Third Party Deadline").

      ix.  **_____, 2020** shall be the date on which all fact discovery shall be complete, including discovery from third parties. Reasonable requests for follow up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld. Moreover, this period may be extended as to third party discovery to the extent necessary to accommodate third party responses to reasonable discovery requests timely served by the Third Party Deadline.

  d.  **Expert Discovery**.

      i.  **_____, 2020** shall be the deadline by which the Parties must designate initial expert witnesses, including a brief description of the general topics on which those witnesses will testify.

      ii.  **_____, 2020** shall be the date by which the Parties shall engage in the simultaneous exchange of expert reports on issues for which they bear the burden of proof (it being understood that the submission of such an expert report shall not be deemed an admission by the submitting party that it bears the burden of proof on any issue). These reports must satisfy the requirements of rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (the "FRCP") made applicable by Bankruptcy Rule 7026.

      iii.  **_____, 2020** shall be the date by which the Parties shall engage in the simultaneous exchange of any expert rebuttal reports or initial reports addressing issues that were not addressed in the initial expert reports, as well as any disclosures prepared by the rebuttal expert witnesses in response to initial expert reports. These disclosures must satisfy the requirements of rule 26(a)(2)(B) of the FRCP. No Party shall be obligated to submit an expert rebuttal report.

      iv.  **_____, 2020** shall be the date by which the Parties shall submit any expert rebuttal or reply reports in response to the rebuttal or initial reports previously exchanged by the Parties. These disclosures must satisfy the requirements of rule 26(a)(2)(B) of the FRCP. No Party shall be obligated to submit an expert rebuttal report.

      v.  **_____, 2020** shall be the date on which all expert discovery shall be complete. The Parties shall confer and agree upon dates for conducting expert depositions in advance of this date.

  e. **Briefing Deadlines.**  The default schedule under the Local Rules for briefing the 9019 Motion is modified as follows: the Answering Brief shall be due on or before _____, **2020** and any Reply Brief shall be due on or before _____, **2020**.

  f. **Oral Argument**.  Oral argument shall be held on _____**, 2020 at** _____**.m. (ET)**.

2.  The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: June _____, 2020
    Wilmington, Delaware

                    _____
                     THE HONORABLE BRENDAN L. SHANNON
                     UNITED STATES BANKRUPTCY JUDGE