## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>ESSAR STEEL MINNESOTA LLC and<br>ESML HOLDINGS INC.<br><br>     Debtors. | Chapter 11<br>Case No. 16-11626 (BLS)<br>Jointly Administered |
| KEVIN NYSTROM, solely in his capacity as<br>Litigation Trustee for the UC Litigation<br>Trust,<br><br>     Plaintiff,<br><br>v.<br><br> MADHU VUPPULURI; SANJAY<br>BHARTIA; PRASHANT RUIA;<br>ANSHUMAN RUIA; and DOES 1-500<br><br>     Defendants. | Adv. Proc. No. 17-50001 (BLS)<br><br>Re: Adv. Pro. Docket Nos. 132, 134 |

Garvan F. McDaniel, Esq.
Daniel K. Hogan, Esq.
HOGAN McDANIEL
1311 Delaware Avenue
Wilmington, DE 19806

Andrew K. Glenn, Esq.
Stephen W. Tountas, Esq.
Robert M. Novick, Esq.
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019

*Attorneys for Kevin Nystrom, UC*
*Litigation Trustee*

Mark E. Felger, Esq.
Simon E. Fraser, Esq.
COZEN O'CONNOR
1201 North Market Street, Suite 1001
Wilmington, DE 19801

Michael L. Bernstein, Esq.
David B. Bergman, Esq.
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001

*Attorneys for Madhu Vuppuluri*

Karen M. Grivner, Esq.
824 N. Market Street, Suite 710
Wilmington DE 19801

Scott N. Schreiber, Esq.
Michael P. Croghan, Esq.
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, IL  60601

*Attorneys for Sanjay Bhartia*

## MEMORANDUM OPINION[1]

_Background and Factual Allegations_

Essar Steel Minnesota LLC ("ESML" or the "Company"), a wholly-owned subsidiary of Essar Global Fund Limited ("Essar Global"), planned to build a large-capacity state-of-the-art iron ore mine and pellet plant in Nashwauk, Minnesota (the "Project"), financed through a mix of debt financing and a substantial equity infusion from Essar Global.[2]  The Third Amended Complaint in this adversary proceeding alleges that ESML paid Essar Global and its affiliates over $1.1 billion between 2008 and 2016 - - that is, the amount it was obligated to spend under the governing Project Contracts to complete the Project - - but, in the end, ESML was left with only a half-completed iron ore pellet plant that will cost hundreds of millions of dollars more to finish.[3]  The complaint also alleges that Defendants Madhu Vuppuluri and Sanjay Bhartia (the "Moving Defendants"), as governors and officers of ESML, breached their fiduciary duties to ESML by engaging in self-dealing, acting in bad faith, and failing to exercise judgment (let alone business judgment) and due care with respect to the Project.[4]

In an Opinion dated May 23, 2019, this Court granted the Moving Defendants' motions to dismiss the Second Amended Complaint, but also permitted the Plaintiff

---

[1] This Court has jurisdiction to decide this Motion pursuant to 28 U.S.C. § 157 and §1334(b). Pursuant to Fed. R. Civ. P. 52 (made applicable here through Fed. R. Bankr. P. 7052) the Court does not make findings of fact for purposes of a decision on a Fed. R. Civ. P. 12 motion.

[2] Third Amended Complaint (Adv. D.I. 121) ¶¶ 1-2.

[3] _Id._ ¶ 3.

[4] _Id._ ¶ 6.

to replead his claims. [5]   Plaintiff Kevin Nystrom, acting as the Trustee for the UC

Litigation Trust (the "Trustee"), filed a Third Amended Complaint (the "TAC"). [6]   The

TAC asserts the following claims against Vuppuluri and Bhartia:

1.  First Claim for Relief – Breach of Fiduciary Duty – Loyalty - Against Madhu
    Vuppuluri and Does 1-500 as Governors.

2.  Second Claim for Relief – Breach of Fiduciary Duty – Care – Against Madhu
    Vuppuluri; Sanjay Bhartia; Does 1-500 as Governors.

3.  Third Claim for Relief – Breach of Fiduciary Duty – Loyalty – Against
    Madhu Vupuluri and Sanjay Bhartia as Officers.

4.  Fourth Claim for Relief – Breach of Fiduciary Duty – Care – Against Madhu
    Vuppuluri and Sanjay Bhartia as Officers.

5.  [Fifth Claim for Relief – Aiding and Abetting Breach of Fiduciary Duty -
    against other defendants]

6.  Sixth Claim for Relief – Disallowance of No. 132 – Against Madhu
    Vuppuluri.

7.  Seventh Claim for Relief – Disallowance of Claim No. 217 – Against Sanjay
    Bhartia

Before the Court are Vuppuluri's and Bhartia's motions to dismiss the TAC

(the "Motions to Dismiss"). [7]   The Moving Defendants argue that the TAC does not

provide any new factual allegations to support the claims, and also ask the Court to

reconsider its decision that the claims are timely under Minnesota's six-year statute

---

[5] Adv. D.I.s 112, 117.   *Nystrom v. Vuppuluri (In re Essar Steel Minnesota LLC)*, 2019 WL 2246712 (Bankr. D. Del. May 23, 2019) (the "Prior SAC Opinion").   A detailed background of this matter is set forth in the Prior SAC Opinion and will not be repeated here.

[6] Adv. D.I. 121.

[7] *See* Adv. D.I. 132 (Vuppuluri's Motion to Dismiss the Third Amended Complaint), Adv. D.I. 133 (Vuppuluri's Opening Brief in Support of his Motion to Dismiss the Third Amended Complaint), and Adv. D.I. 141 (Vuppuluri's Reply Brief in Support of his Motion to Dismiss the Third Amended Complaint). *See* Adv. D.I. 134 (Bhartia's Motion to Dismiss the Third Amended Complaint), Adv. D.I. 135 (Bhartia's Opening Brief in Support of his Motion to Dismiss the Third Amended Complaint) and Adv. D.I. 142 (Bhartia Reply Brief in Support of his Motion to Dismiss the Third Amended Complaint).

of limitations.  The Trustee opposes the Motions, contending that the amended complaint provides numerous additional, detailed factual allegations to support the claims.[8] The Trustee also argues that the Court should not reconsider the statute of limitations issue.  After oral argument, the matter was taken under advisement and is now ripe for disposition.

For the reasons set forth herein, each of the Motions to Dismiss will be denied.

*Standard*

When reviewing a motion to dismiss, the court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[9]  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must show that the grounds of his entitlement to relief amount to more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.[10]

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] The plausibility standard is not akin to the probability standard but requires more than the sheer possibility that a defendant acted unlawfully.[12] Two principles underlie the *Twombly* standard. First, a court's acceptance of a complaint's

---

[8] Adv. D.I. 139 (Plaintiff's Omnibus Brief in Opposition to Vuppuluri's and Bhartia's Motions to Dismiss the Third Amended Complaint).

[9] *Crystallex Int'l Corp. v. Petróleos De Venezuela, S.A.*, 879 F.3d 79, 83 n.6 (3d Cir. 2018).

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[12] *Id*. at 678.

allegations as true is inapplicable to legal conclusions, and threadbare recitals of a cause of action elements, supported by conclusory statements, will not suffice. [13] Second, determining whether a complaint states a plausible cause of action requires the court to rely on its experience and common sense. [14] *Twombly* requires that a pleading nudge claims "across the line from conceivable to plausible." [15]

The Third Circuit follows a three-step process to determine the sufficiency of a complaint under *Twombly* and *Iqbal*:

> First, the court must "take note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." [16]

The movant carries the burden of showing that the dismissal is appropriate. [17]

### *The Statute of Limitations Issue will not be Reconsidered.*

The Moving Defendants ask this Court to reconsider the statute of limitations analysis in the Prior SAC Opinion, which determined that the Minnesota's six-year statute of limitations applied to the claims, rather than Delaware's three-year statute of limitations. [18]  The Moving Defendants contend that, under a conflicts of law analysis, a statute of limitations issue is procedural and, therefore, the forum state's

---

[13] *Id.*

[14] *Id.*

[15] *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 570).

[16] *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

[17] *Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)*, 496 F. Supp. 2d 404, 408 (D. Del. 2007).

[18] *Essar Steel*, 2019 WL 2246712 at *4.

statute of limitations applies.[19]  The Moving Defendants argue that this Court erred in relying on the "internal affairs" doctrine to determine that Minnesota's statute of limitations applies to the claims in this case.  Instead, the Moving Defendants argue that this Court should have applied Delaware's borrowing statute,[20] which generally applies the shorter of two competing statutes of limitations.

The Trustee argues that the Moving Defendants have not raised any new arguments and, therefore, have not provided any reason for the Court to revisit its prior decision.  The Trustee asserts that this Court correctly followed the analysis of *In re Mervyn's Holding LLC,*[21] which applied Delaware's choice of law rules to the statute of limitations analysis.  Relying on the Supreme Court of Delaware's decision in *Saudi Basic Ind. Corp. v. Mobil Yanbu Petrochemical Co., Inc.,*[22] the *Mervyn's* Court declined to apply Delaware's borrowing statute because there was no threat of forum shopping in the matter before the Court.[23]  Instead, the *Mervyn's* Court determined that "Delaware's choice of law rules require application of the 'law of the state of incorporation to issues involving corporate internal affairs.'"[24]  Because a

---

[19] *See, e.g., Norman v. Elkin*, No. Civ. 06-005-JJF, 2007 WL 2822798, *3 (D. Del. Sept. 26, 2007), *aff'd* 860 F.3d 111 (3d Cir. 2017).

[20] 10 Del. C. § 1821 provides in pertinent part: "[w]here a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action."

[21] *Mervyn's LLC v. Lubert-Adler Group IV, LLC (In re Mervyn's Holdings, LLC)*, 426 B.R. 488, 502 (Bankr. D. Del. 2010).

[22] *Saudi Basic Ind. Corp. v. Mobil Yanbu Petrochemical Co., Inc.*, 866 A.2d 1 (Del. 2005).

[23] *Mervyn's*, 426 B.R. at 503.

[24] *Id.* at 502.

breach of fiduciary duty claim involves the internal affairs of the corporation,[25] the *Mervyn's* Court applied California's longer statute of limitation.[26]

Similarly, in the Prior SAC Opinion, this Court determined that there was no threat of forum shopping since the Plaintiff filed in the jurisdiction with a shorter statute of limitations period. Other courts have relied on the *Saudi* case and reached a similar conclusion.[27] Therefore, the Court will not reconsider the statute of limitations analysis and will apply Minnesota's six-year statute of limitations to the breach of fiduciary duty claims in this case.[28]

*The Claims for Breach of the Duty of Care will not be Dismissed.*

The Moving Defendants argue for dismissal of the Trustee's breach of the duty of care claims because (i) ESML's Articles of Organization contain an exculpation clause that precludes their liability for a breach of the duty of care, and (ii) even assuming that the exculpation clause does not preclude such liability, the TAC fails to plead facts establishing a breach of the duty of care.

In response the Trustee argues that the exculpation clause does not preclude the Defendants' liability for actions taken as *officers* of ESML and, further, that the Trustee's amended complaint adds detailed allegations that the Moving Defendants acted in bad faith or with intentional misconduct and thus are not protected by the

---

[25] *Id.* at 502 (citing *Coleman v. Taub*, 638 F.2d 628, 629 n. 1 (3d Cir. 1981)).

[26] *Id.* at 503.

[27] *Funari v. Wallpang, Inc.*, C.A. No. 13C-04-287 JRJ CCLD, 2014 WL 1678419, *4-*5 (Del. Super. Ct. Apr. 16, 2014); *Bear Stearns Mortg. Funding Trust 2006-SL1 v. EMC Mortg. LLC*, C.A. No. 7701-VCL, 2015 WL 139731, *8-*9 (Del. Ch. Jan. 12, 2015); *In re Circle Y of Yoakum, Texas*, 354 B.R. 349, 359 (Bankr. D. Del. 2006).

[28] As also discussed previously in the Prior SAC Opinion, the Trustee argues that the doctrine of equitable tolling preserves his breach of fiduciary duty claims. As before, based on the decision herein, the Court does not reach this issue.

exculpation clause. The Trustee also claims that the TAC sufficiently alleges that the Moving Defendants breached their duty of care by adding more details and additional facts that the Moving Defendants failed to act on an informed basis and acted in bad faith.

### (i)    The exculpation clause

ESML's exculpation clause refers only to governors, not officers.[29] But the Moving Defendants argue that the exculpation clause includes a "savings clause" that expands its coverage "to the fullest extent permitted by Chapter 322B of the Minnesota Statutes, as amended."[30] That statute (Minn. Stat. § 322B) has been repealed and is replaced by Chapter 322C, which broadly permits a limited liability company's operating agreement to "eliminate or limit a member's, manager's or governor's liability to the limited liability company and members for money damages …".[31] The Trustee asserts, however, that the savings clause in ESML's operating agreement, when read in full, limits application of the savings clause to *governors*, stating:

> If Chapter 322B of the Minnesota Statutes is hereafter amended to authorize the further elimination or limitation of liability of governors, then the liability of a governor of this limited liability company, in addition to the limitation on personal liability provided herein, shall be limited to the fullest extent permitted by Chapter 322B of the Minnesota Statutes, as amended.[32]

---

[29] Articles of Organization, Art. 7 (Adv. D.I. 133-1).
[30] *Id.*
[31] Minn. Stat. § 322C.0110 subd.7.
[32] Articles of Organization, Art. 7 (Adv. D.I. 133-1).

Ultimately, this issue need not be addressed here on the Motions to Dismiss because the TAC includes detailed allegations of actions that would fall within the exception in ESML's exculpation clause - - that is, the clause does not bar claims "for acts or omissions not in good faith or that involved intentional misconduct or a knowing violation of law."[33] As discussed in more detail below, the TAC includes allegations that the Moving Defendants did not act in good faith or involved intentional misconduct.[34]

### (ii)    Claims for a breach of the duty of care

Under Minnesota law, a plaintiff must prove four elements to prevail on a claim for breach of fiduciary duty: duty, breach, causation, and damages.[35] "In a business setting, 'one entrusted with the active management of a corporation, such as an officer or director, occupies a fiduciary relationship to the corporation."[36] Subject to the business judgment rule,[37] a manager or governor must "act with the care that a person in a like position would reasonably exercise under similar circumstances and in a manner the [manager or governor] reasonably believes to be

---

[33] Articles of Organization, Art. 7 (Adv. D.I. 133-1).

[34] *See, e.g.,* TAC ¶¶ 54-56 (alleging misrepresentations to lenders); ¶¶ 88-97 (alleging participation in a fraudulent invoicing scheme).

[35] *TCI Business Capital, Inc. v. Five Star American Die Casting, LLC*, 890 N.W. 2d 423, 434 (Minn. App. 2017) (citing *Padco, Inc. v. Kinney & Lange*, 444 N.W.2d 889, 891 (Minn. App. 1989) *review denied* (Minn. Nov. 15, 1989).

[36] *TCI,* 890 N.W.2d at 434 (citing *Miller v. Miller,* 301 Minn. 207, 219, 222 N.W.2d 71, 78 (1974)).

[37] "The business judgment rule is a 'powerful presumption in favor of actions taken by directors in that a decision made by a loyal and informed board will not be overturned by the courts 'unless there is no rational business purpose." *Miller v. Bradley (In re W.J. Bradley Mortg. Capital, LLC),* 598 B.R. 150, 163 (Bankr. D. Del. 2019) (quoting *Cede & Co. v. Technicolor, Inc.,* 634 A.2d 345, 361 (Del. 1993)). "A plaintiff can rebut the rule by showing that the fiduciaries 'in reaching [their] challenged decision, violated any one of [the] triad of fiduciary duties: due care, loyalty, or good faith." *Id.* (quoting *Joseph v. Frank (In re Troll Commc'ns, LLC),* 385 B.R. 110, 118 (Bankr. D. Del. 2008)).

in the best interests of the company."[38]  Moreover, as recognized in the Prior SAC
Opinion, the duty of care requires officers to "act on an informed basis."[39]  "The focus
of the Court's inquiry is not the merits of the officers' ultimate decision . . . [r]ather,
the Court must analyze the process leading up to the decision and whether the officer
'inform[ed] themselves of all material information reasonably available to them.'"[40]

The Trustee has demonstrated that the TAC provides additional details and
more allegations that the Moving Defendants' breached their duty of care.  For
example, the TAC includes allegations that the Moving Defendants made the
disputed transfers without seeking or considering relevant information.  *See, e.g.,*
TAC ¶¶ 50-51, 86-87 (alleging that the Moving Defendants ignored warnings received
from other officers or employees regarding the Company's finances); or ¶¶ 71-74, 75-
80 (alleging that the Moving Defendants transferred funds without documentation or
Board approval).  The TAC also includes allegations that the Moving Defendants
intentionally or with gross negligence approved and facilitated transactions that
could not be reasonably believed to be in the best interest of ESML.  *See, e.g.,* TAC ¶¶
64-66 (alleging a transfer in exchange for equipment the Defendants never expected
to receive); ¶¶ 68-74 (alleging "loans" to Essar Global despite knowing of Essar
Global's liquidity issues and inability to repay the loans); ¶¶ 75-80 (alleging a transfer
to Aegis for no consideration); ¶¶ 82-87 (alleging transfers to fund letters of credit for

---

[38] Minn. Stat. 322C.0409 subd. 3, subd. 7(1), and subd. 8(1).

[39] *Essar*, 2019 WL 2246712, *7 (citing *In re USDigital, Inc.*, 443 B.R. 22, 41 (Bankr. D. Del.
2011)).  The Prior SAC Opinion also noted that, because shareholder derivative actions are relatively
rare in Minnesota, Minnesota courts often look to the decisions of Delaware courts for guidance in this
area.  *In re Xcel Energy, Inc.*, 222 F.R.D. 603, 606 (D. Minn. 2004) (citing cases).

[40] *Id.* (quoting *Benihanna of Tokyo, Inc. v. Benihana, Inc.*, 891 A.2d 150, 192 (Del. Ch. 2005)).

projects not associated with ESML); or ¶¶ 88-97 (alleging that the Moving Defendants participated in a scheme to pay invoices for work that was never performed and for which ESML receive no reciprocal value).

### *The Claims for Breach of the Duty of Loyalty will not be Dismissed.*

Minnesota law requires managers and governors of an LLC to act in accordance with the duty of loyalty.[41]  The duty of loyalty stands for the principle that "the best interest of the corporation and its shareholders takes precedence over any interest possessed by a director, officer or controlling shareholder."[42]  A plaintiff asserting a breach of the duty of loyalty can plead around the protection of the business judgment rule by alleging self-dealing, improper motive,[43] or a lack of independence to consider the challenged transaction objectively.[44]

---

[41] Minn. Stat. 322C.0409 subd. 2, subd.7(1) and subd. 8(1).  In the Prior SAC Opinion, the Court recognized that when a corporation is owned by a single entity, the directors' fiduciary duties serve only that parent entity.  *Essar*, 2019 WL 2246712 at *5. But, "[o]nce the subsidiary enters the zone of insolvency, the directors 'become fiduciaries of the corporate assets for the benefit of creditors.'" *Id.* (quoting *Snyder Elec. Co. v. Fleming*, 305 N.W.2d 863, 869 (Minn. 1981)).  In the Prior SAC Opinion, the Court determined that the complaint adequately pled that ESML was insolvent.  *Id.* at *6.

[42] *Essar*, 2019 WL 2246712, *6 (citing *In re Fedders N. Am., Inc.*, 405 B.R. 527, 540 (Bankr. D. Del. 2009)).

[43] *Troll Commc'n*, 385 B.R. at 118 (citing *Continuing Creditors' Comm. of Star Telecomm., Inc. v. Edgecomb*, 385 F.Supp.2d 449, 458 (D. Del. 2004) ("[I]n the absence of facts showing self-dealing or improper motive, a corporate officer or director is not legally responsible to the corporation for losses that may be suffered as a result of a decision that an officer made or that directors authorized in good faith.").

[44] *Telxon Corp. v. Meyerson*, 802 A.2d 257, 264 (Del. 2002) ("Theoretically a director can be 'controlled' by another, for purposes of determining whether the director lacked the independence necessary to consider the challenged transaction objectively.  A controlled director is one who is dominated by another party, whether through close personal or familial relationship or through force of will. A director may also be deemed 'controlled' if he or she is beholden to the allegedly controlling entity, as when the entity has the direct or indirect unilateral power to decide whether the director continues to receive a benefit upon which the director is so dependent or is of such subjective material importance that its threatened loss might create a reason to question whether the director is able to consider the corporate merits of the challenged transaction objectively.") (citations omitted).

The duty of loyalty also is breached when "the fiduciary fails to act in good faith."[45] A lack of good faith can be shown by alleging conduct motivated by a subjective bad intent or conduct that is an "intentional dereliction of duty or the conscious disregard for one's responsibilities."[46]

The Trustee has demonstrated that the TAC provides additional details and more allegations that the Moving Defendants breached their duty of loyalty. For example, the TAC alleges that Mr. Vuppuluri lacked the independence necessary to objectively consider  the challenged transactions' effects on ESML because he has held various director and executive officer roles within Essar Global's enterprise over the past twenty-seven years and, as a result, depended on Essar Global, the Essar affiliates, and the Ruia family for his livelihood. *See, e.g.,* TAC ¶¶ 20 – 23, ¶¶ 72 – 74 (alleging that, upon instruction of Mr. Ruia and Essar Global's officers, Vuppuluri continued to "lend" money from ESML to Essar Global despite the negative impact on ESML's finances and inability to complete the Project).  Although Mr. Bhartia's employment did not begin until 2013,[47] his livelihood also relied on Essar Global, its affiliates and the Ruia family so that the TAC sufficiently alleged that both the Moving Defendants lacked independence to objectively consider the impact of the

---

[45] *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006).  "The duty to act in good faith is a 'subsidiary element of the duty of loyalty.'" *Liquidation Trust of Solutions Liquidation LLC v. Stienes (In re Solutions Liquidation LLC)*, 608 B.R. 384, 401 (Bankr. D. Del. 2019) (quoting *Fedders*, 405 B.R. at 540).

[46] *McPadden v. Sidhu*, 964 A.2d 1262, 1274 (Del. Ch. 2008) (citing *Walt Disney Co. Derivative Litig.*, 906 A.2d at 66-68).

[47] Mr. Bhartia's motion to dismiss also argues that he had no connections to transfers made before his employment in 2013.  While the Court agrees that Mr. Bhartia cannot violate a fiduciary duty to ESML before his employment began, it is more appropriate to sort out disputed facts regarding which transfers Mr. Bhartia may have authorized in the context of a summary judgment motion or at trial.

transfers on ESML. *See*, e.g., TAC ¶¶24 – 25, ¶¶ 75 – 81 (alleging that, upon demand of Mr. Ruia, the Moving Defendants authorized transfers for services that they knew ESML was not responsible to pay), and ¶¶ 82 – 87 (alleging that, upon demand of Essar Global and the Ruia family, the Moving Defendants authorized transfers for letters of credit on projects not associated with ESML, despite warnings from ESML employees on the impact such transfers had on ESML's liquidity).    The TAC also alleges that the Moving Defendants' actions  lacked good faith when they participated in a fraudulent invoicing scheme in which ESML paid Essar Projects-US for work that was never performed for ESML's benefit. *See, e.g.,* TAC, ¶¶ 88 – 97.

### *The Claims for Disallowance of the Moving Defendants' Claims will not be dismissed*

The TAC seeks to disallow the Moving Defendants' claims against ESML for bonus pay under Bankruptcy Code § 502(b)(1), which provides that a claim may be disallowed if it is unenforceable against the debtor under any agreement or applicable law.  The Trustee asserts that Minnesota law provides that an employee forfeits his compensation for conduct that is disobedient or in breach of his duty of loyalty.[48]  The TAC  contains sufficient allegations to permit the § 502(b)(1) claims to survive.

---

[48] *Stiff v. Assoc. Sewing Supply Co.*, 436 N.W.2d 777, 780 (Minn. 1989) ("Every employment contract encompasses implied duties of honesty and loyalty, which if breached by the employee, results in the employer owing the employee nothing.").

_Conclusion_

For the foregoing reasons, the Court concludes that the revised and additional allegations in the TAC "nudged [the Trustee's claims] across the line from conceivable to plausible."[49]  The Moving Defendants' motions to dismiss will be denied.

The parties shall confer and submit an appropriate Order consistent with this Opinion within 14 days of the date hereof.

FOR THE COURT:


_____
Brendan Linehan Shannon
United States Bankruptcy Judge

Dated:  May 5, 2021

---

[49] _Twombly_, 550 U.S. at 570.